*D. M. Bader*, for plaintiff in error.

*A. V. Taylor*, for defendant in error.

---

## RECOVERY FOR SERVICES TO HAVE BEEN GIVEN IN PAYMENT FOR REAL ESTATE.

[Circuit Court of Knox County.]

MARTIN J. MURPHY v. DANIEL F. ADAMS, ADMINISTRATOR.

Decided, October 12, 1906.

*Contract for Sale of Real Estate—Not in Writing—Services to be Credited on Purchase Price—Contract Abandoned—Action for Value of the Services.*

A contract for the performance of services, a part of the agreed value thereof to be credited on the purchase price of real estate thereafter to be conveyed, although for the sale of real estate and not in writing, furnishes a basis for the value of the services rendered, provided the party agreeing to perform the work did not abandon it or fail to go forward with it through his own fault.

By THE COURT.

The record in this case discloses that the work performed by defendant in error's intestate was performed by him under and in pursuance of a contract, by the terms of which he was to receive a credit of one dollar per day upon the purchase price

of a certain dwelling-house then to be erected by the plaintiff in error for said defendant in error's intestate, and which was to be sold and conveyed to him for the sum of $1,050. This contract was verbal, and by reason of the statute requiring a contract for the sale of real estate to be in writing, could not be enforced in the courts of this state. But, notwithstanding that fact, this court is clearly of the opinion that if the plaintiff in error abandoned that contract and refused to go forward with the same, the defendant in error could recover for the estate he represents, the value of the services rendered by his intestate in pursuance of that contract; but if, on the other hand, the defendant in error's intestate failed and refused to go forward with that work and abandoned the same through his own fault and of his own motion, then we do not think he could recover. There is practically no evidence in this record disclosing which of these parties repudiated the contract. The evidence is sufficient as to the services and the value thereof, but it is not sufficient to sustain this verdict upon the theory that the plaintiff in error abandoned the contract, and for that reason and that reason only, it is against the manifset weight of the evidence and is not sustained thereby, and the case is reversed and remanded for a new trial.

Exceptions of defendant in error noted.

*L. B. Houck* and *W. N. Koons,* for plaintiff in error.

*C. V. Trott* and *W. A. Hosack,* for defendant in error.